IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SIDNEY MARTS,**

    Petitioner,

v.                                    Case No. 4:16cv783-WS/CAS

**JULIE JONES, Secretary,**
**Florida Department of Corrections,**

    Respondent.

_____/

**ORDER and**
**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION**

On or about December 16, 2016, Petitioner Sidney Marts, a Florida state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He filed a supporting memorandum and exhibit. *Id*. He also filed a motion for leave to proceed in forma pauperis (IFP). ECF No. 2. He has since paid the filing fee. ECF No. 6. Accordingly, the Court denies the IFP motion as moot.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## **Background**

Petitioner Marts, confined at the Cross City Work Camp in Cross City, Florida, has filed other § 2241 petitions in this Court. See <u>Marts v. United States of America</u>, No. 3:16cv587-MCR/CJK; <u>Marts v. Jones</u>, No. 3:16cv453-LC/EMT. He has also previously sought relief pursuant to 28 U.S.C. § 2254. See <u>Marts v. Jones</u>, No. 3:15cv399-RV/EMT. He is in state custody pursuant to a September 2008 judgment and sentence imposed by the Escambia County Circuit Court in case number 2007-CF-6067, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and resisting an officer with violence. ECF No. 1; <u>Marts</u>, 3:16cv587, ECF No. 8 at 1-2 (Report and Recommendation); <u>Marts</u>, 3:15cv399. He indicates that he does not challenge his conviction and sentence, however. See ECF No. 1. He raises one ground: "Involuntary servitude in violation of U.S.C.A. 13th, Title 28 U.S.C. § 2241(3)." *Id.* at 5. He specifically alleges "the commitment order to Florida Department of Corrections is invalid because it lacks appropriate criminal punishment scoresheets to validate custody for grand theft and uttering a forged instrument." *Id.*

## Analysis

As explained to Petitioner in his other cases, although he has labeled his request for habeas relief as arising under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254 because he is "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *see* <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that state prisoner in custody pursuant to state court criminal conviction has single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254").  See also <u>Marts</u>, 3:16cv587, ECF No. 8 at 3; <u>Marts</u>, 3:16cv453, ECF No. 8 at 3 (Report and Recommendation).  As also explained to Petitioner in his other cases, under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see* <u>Marts</u>, 3:16cv587, ECF No. 8 at 3; <u>Marts</u>, 3:16cv453, ECF No. 8 at 3.

Petitioner claims here that his commitment order is invalid because it does not have the appropriate criminal punishment scoresheets.  ECF No.

1 at 5.   He thus challenges his commitment pursuant to his state court judgment and sentence.   Petitioner has, however, already filed several § 2254 habeas corpus petitions in this Court, challenging this judgment and sentence.   See Marts, 3:15cv399, ECF No. 32 (Report and Recommendation detailing previous § 2254 cases filed by Marts).

This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing.   See 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file successive petition).   Nothing indicates Petitioner has obtained authorization to file a successive habeas petition, and Petitioner has previously been advised of this requirement. Petitioner cannot avoid this requirement by labeling his petition as one under § 2241.

## Conclusion

For the reasons set forth above, this petition is an unauthorized successive petition and this Court does not have jurisdiction to consider it. Accordingly, it is **RECOMMENDED** the petition for writ of habeas corpus

filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.   Petitioner's IFP motion (ECF No. 2) is **DENIED** as he has paid the filing fee.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2017.

                S/ Charles A. Stampelos
                **CHARLES A. STAMPELOS**
                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**